■ In the Matter of CHARTER PRIVATE LINE, INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the City of New York, dated January 19, 1989, which terminated the petitioner's contract with it to provide certain bus service, the petitioner appeals from judgment of the Supreme Court, Kings County (Hurowitz, J.), dated February 14, 1990, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

The petitioner entered into a contract with the respondent, the Board of Education of the City of New York (hereinafter the Board) in 1979, whereby the petitioner would provide bus service for handicapped students. The contract was periodically extended, and at the time of the commencement of this proceeding in January 1989 the existing contract was scheduled to expire on June 30, 1990.

In February 1988 the Board cited the petitioner for various violations which threatened the safety and health of the handicapped students. Thereafter, in July 1988 the parties entered into a stipulation providing that the petitioner would be placed on probation until June 30, 1989, and that if it accumulated a specified amount of violations during the probationary period, its contract would be automatically terminated. Within months of signing the stipulation, the petitioner amassed violations which exceeded the specified amount. Consequently, on January 19, 1989, the Board notified the petitioner that its contract was terminated effective January 20, 1989.

On January 20, 1989, the day the termination became effective, the petitioner commenced this proceeding to restrain

the Board from terminating the contract and from reassigning the petitioner's bus runs to other contractors. However, a request for an ex parte temporary restraining order was denied.

Thereafter, before serving an answer, the Board moved pursuant to CPLR 7804 (f) to dismiss the petition for failure to state a cause of action. In the affidavit in support of the motion the Board expressly reserved its right to serve an answer should the motion be denied. Apparently unaware that the petitioner's contract had already been terminated, the court by order dated February 28, 1989, denied the Board's motion and enjoined the Board from terminating the petitioner's contract. The Board's appeal from that order was dismissed by order of this court dated August 8, 1989.

Thereafter, the Board served an answer to the petition. The petitioner moved to strike the answer and to compel the payment of moneys it had allegedly earned prior to the termination of the contract. The Board cross-moved to dismiss the petition and to vacate the prior order dated February 28, 1989, on the ground that the petitioner's contract had been terminated and its bus runs reassigned before that order had been entered. The Supreme Court granted the Board's cross motion in its entirety, denied the petitioner's motion, and dismissed the proceeding on the merits.

CPLR 7804 (f) permits a respondent to raise an objection in point of law by a motion to dismiss the petition, made upon notice within the time allowed to answer. If the motion is denied, the court "shall" permit the respondent to answer, upon such terms as may be just. Therefore, that branch of the petitioner's motion which was to strike the answer was properly denied.

The petitioner's demand for moneys earned by it prior to the Board's termination of the contract was properly denied, since the petitioner did not request that relief in the petition.

We also find that the Board did not act arbitrarily and capriciously in terminating the petitioner's contract. During the six months after the petitioner agreed to be placed on probation, it committed over 33 violations. This exceeded the amount sufficient to trigger automatic termination of the contract "immediately and without further appeal", as provided for under paragraph 9 of the stipulation. The record shows that the Board provided the petitioner with ample opportunities to be heard, but that the petitioner did not avail itself of these opportunities. We also find that it was not

arbitrary and capricious for the Board to bar the petitioner from bidding for new contracts for a period of four years, in view of the nature of the violations. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.